# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2010

Lyle W. Cayce
Clerk

No. 09-51087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS GUSTAVO OLVERA, also known as Carlos Olvera,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-4-12

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Gustavo Olvera pled guilty to conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and was sentenced to 210 months in prison. The plea agreement waived appeal of the sentence.

On appeal, Olvera argues that the district court plainly erred in accepting his guilty plea because there was an insufficient factual basis to support that he agreed to enter the money laundering conspiracy in addition to simply distributing cocaine, the underlying illegal activity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We start with our conclusion that the appeal waiver does not prevent our review.  A defendant who has validly waived his right to appeal may challenge the factual basis underlying his guilty plea.  *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008) (citations omitted).  Olvera did not object to the sufficiency of the factual basis in the district court, which would cause this court to review the issue only for plain error.  *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).  Olvera's counsel actually went well beyond silent acquiescence and said, "Defense will gladly waive reading of the factual basis." The district court asked the prosecutor if that was acceptable to her.  It was.

Immediately before this exchange, the prosecutor had recited the lengthy count of the indictment that contained the charge against Olvera.  It included factual statements about the manner in which the conspiracy was committed. Olvera stated that he had committed the acts charged.

A district court cannot enter a judgment of conviction based upon a guilty plea unless there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3).  The court is required to "determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314  (5th Cir. 2001) (en banc).

Olvera contends that the language of the indictment read at the hearing did not establish his agreement to be part of a conspiracy to launder money. Though the charge did not specifically state that Olvera agreed to be a part of this conspiracy, his agreement may be inferred from the remainder of the charge.  *See United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994).

Given Olvera's admission and waiver of a reading of the factual basis,  the district court did not plainly err in finding a sufficient factual basis for his plea to conspiracy to launder money.  *See United States v. Trejo*, 610 F.3d 308, 319-20 (5th Cir. 2010).

AFFIRMED.